UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|   |   |
|---|---|
| MICHAEL LADONTE SCOTT,<br><br>Petitioner,<br><br>v.<br><br>ROBERT W. FOX,<br><br>Respondent. | No. 2:18-cv-2687 TLN KJN P<br><br>ORDER |

Petitioner is a state prisoner, proceeding pro se, with a petition for writ of habeas corpus under 28 U.S.C. § 2254. On December 14, 2018, respondent filed a motion to dismiss this action as barred by the statute of limitations.

Petitioner has requested the appointment of counsel based on his schizophrenia and his ignorance of the law. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

On January 4, 2019, petitioner filed a request for extension of time to file his traverse. However, because respondent filed a motion to dismiss, petitioner is advised that he must file an

opposition to the motion to dismiss rather than a traverse. Petitioner was recently transferred and is not in possession of his legal materials. Therefore, petitioner is granted sixty days in which to file an opposition to respondent's motion to dismiss. Petitioner is cautioned that failure to timely oppose the motion will result in a recommendation that this action be dismissed.

In light of petitioner's representation that he suffers from schizophrenia, petitioner is advised of the following standards governing equitable tolling.[1]

The one year statute of limitations for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time. See Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Petitioner bears the burden of demonstrating he is entitled to equitable tolling. Id.

The Ninth Circuit has articulated a specific, two-part test for an equitable tolling claim based on a petitioner's mental impairment:

> (1) *First*, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control by demonstrating the impairment was so severe that either
>
> (a) petitioner was unable to rationally or factually understand the need to timely file, or
>
> (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) *Second*, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental

---

[1] **Error! Main Document Only.**Petitioner's lack of knowledge of the law does not establish "extraordinary circumstances" preventing him from timely filing a federal habeas petition. The Ninth Circuit has held that a petitioner's pro se status and claims of ignorance of the law are insufficient to justify equitable tolling. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 909 (9th Cir. 1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate, but insufficient to establish cause); Fisher v. Ramirez-Palmer, 219 F.Supp.2d 1076, 1080 (E.D. Cal. 2002) ("[I]gnorance of the law does not constitute such extraordinary circumstances." ([Citations omitted.]); Sperling v. White, 30 F.Supp.2d 1246, 1254 (C.D. Cal. 1998) (citing with approval cases from various circuits rejecting equitable tolling based on petitioner's lack of legal experience or illiteracy).

2

impairment made it impossible to meet the filing deadline under the
totality of the circumstances, including reasonably available access
to assistance.

Bills v. Clark, 628 F.3d 1092, 1099-1100 (9th Cir. 2010) (citations omitted); see also Orthel v. Yates, 795 F.3d 935, 938 (9th Cir. 2015) ("A petitioner seeking equitable tolling on the grounds of mental incompetence must show extraordinary circumstances, such as an inability to rationally or factually personally understand the need to timely file, or a mental state rendering an inability personally to prepare a habeas petition and effectuate its filing.").

"The relevant question [is,] '[d]id the mental impairment cause an untimely filing?'" Stancle v. Clay, 692 F.3d 948, 959 (9th Cir. 2012) (quoting Bills, 628 F.3d at 1100 n.3.) Bills provides guidance for applying its two-part test:

> [T]o evaluate whether a petitioner is entitled to equitable tolling, the district court must: (1) find the petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing; (2) determine, after considering the record, whether the petitioner satisfied his burden that he was in fact mentally impaired; (3) determine whether the petitioner's mental impairment made it impossible to timely file on his own; and (4) consider whether the circumstances demonstrate the petitioner was otherwise diligent in attempting to comply with the filing requirements.

Bills, 628 F.3d at 1100-01. "This reiterates the stringency of the overall equitable tolling test: the mental impairment must be so debilitating that it is the but-for cause of the delay, and even in cases of debilitating impairment the petitioner must still demonstrate diligence." Yeh v. Martel, 751 F.3d 1075, 1078 (9th Cir.), cert. denied sub nom. Yeh v. Biter, 135 S. Ct. 486 (2014), citing Bills, 628 F.3d at 1100.

A petitioner alleging a severe mental impairment during the filing period is not entitled to an evidentiary hearing unless he or she makes "a good faith allegation that would, if true, entitle him to equitable tolling." Laws v. Lamarque, 351 F.3d 919, 921 (9th Cir. 2003) (remanding for consideration of whether the petitioner's delayed filing was "attributable to psychiatric medication which deprived Petitioner of any kind of consciousness" where the petitioner had demonstrated "evidence of serious mental illness" by attaching prison psychiatric and medical

3

records); see Bills, supra, 628 F.3d at 1099-1100 (remanding where the petitioner was in the lowest percentile for verbal IQ, verbal comprehension and working memory, and, according to clinical psychologists, was incapable of inferential thinking necessary to complete a federal habeas form); see also Orthel, supra, 795 at 939-40 ("Where the record is amply developed, and where it indicates that the petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations of mental incompetence.") (quoting Roberts v. Marshall, 627 F.3d 768, 773 (9th Cir. 2010).)

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's requests for appointment of counsel (ECF Nos. 19, 21 & 22) are denied without prejudice;

2. Petitioner's motion for extension of time (ECF No. 24) is granted; and

3. Petitioner is granted sixty days in which to oppose respondent's motion to dismiss. Failure to timely oppose the motion will result in a recommendation that this action be dismissed.

Dated: January 8, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

scot2687.110+

4