UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LADONTE SCOTT, | No. 2:18-cv-2687 KJN P |
| Petitioner, | |
| v. | ORDER |
| ROBERT W. FOX, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding without counsel. On December 14, 2018, respondent filed a motion to dismiss the petition as barred by the statute of limitations. Following extensions of time, petitioner filed an opposition and a second motion for appointment of counsel, and respondent filed a request to withdraw the motion to dismiss and set a briefing schedule. Such request was made without conceding the timeliness of the petition and without prejudice to raising the timeliness issue at a later date because the resolution of the merits of petitioner's claims would be more expeditious.[1]

////

---

[1] Petitioner's medical records exceeded four boxes of documents (about 40 reams of paper), and reflected petitioner received mental health treatment from 2012 to 2019, including transfers to the Department of State Hospitals, placement in a mental health crisis bed, attempted suicide multiple times, and suffered acute symptoms. Thus, respondent argues that the issue of petitioner's entitlement to equitable tolling would involve further factual development as well as an evidentiary hearing. (ECF No. 39 at 2.)

1

Generally, the statute of limitations issue should be resolved before the merits of a petitioner's habeas claims. See White v. Klitzkie, 281 F.3d 920, 921-22 (9th Cir. 2002). But federal courts are not required to rule on the timeliness issue if the petition may be denied on other grounds. Pough v. United States, 442 F.3d 959, 965 (6th Cir. 2006); cf. Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir. 2002) (federal courts are authorized to skip a relatively complicated procedural default question and proceed to deny the claim on the merits); cf. Carr v. Cigna Securities, Inc., 95 F.3d 544, 547 (7th Cir. 1996) ("We are going to skip over the tangled statutes of limitations issues . . . and come directly to the merits. . . .").

The undersigned is persuaded that the interests of the parties would be best served by avoiding what appears to be a complex statute of limitations analysis and rendering a decision on the merits of the petition. Therefore, respondent's request is granted, and a briefing schedule is issued.

As explained in the court's prior order, there is no absolute right to appointment of counsel in habeas proceedings. (ECF No. 25.) But 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. At this time, the court does not find that the interests of justice would be served by the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's request (ECF No. 39) is granted;

2. Respondent's December 14, 2018 motion to dismiss (ECF No. 15) is withdrawn;

3. Respondent is directed to file an answer to petitioner's habeas petition within sixty days from the date of this order. See Rule 4, 28 U.S.C. foll. § 2254. The answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition. See Rule 5, 28 U.S.C. foll. § 2254;

4. Petitioner's reply, if any, shall be filed and served within thirty days after service of the answer; and

////

////

5. Petitioner's motion for appointment of counsel (ECF No. 34) is denied without prejudice.

Dated: June 7, 2019

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/scot2687.wd