UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LADONTE SCOTT,<br><br>Petitioner,<br><br>v.<br><br>ROBERT W. FOX,<br><br>Respondent. | No. 2:18-cv-2687 KJN P<br><br><br><br>ORDER |

Petitioner is a state prisoner, proceeding without counsel. On June 6, 2019, petitioner filed a motion asking that his evidentiary hearing be heard on an expedited basis because petitioner will be getting transferred back to the general population in a few weeks.[1] Petitioner is

---

[1] Petitioner claims that such transfer will put him in danger due to his commitment offenses. Petitioner is advised that claims concerning the conditions of his confinement, including claims regarding his safety due to housing changes, must be raised in a civil rights action under 42 U.S.C. § 1983. See Heck v. Humphrey, 512 U.S. 477, 481 (1994) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside" the core of habeas corpus); Alcala v. Rios, 434 F. App'x 668, 669 (9th Cir. 2011) (affirming the district court's finding that a case was not cognizable in habeas when the petition challenged only the conditions of confinement). Moreover, petitioner must first seek relief through the prison's administrative appeal process. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002); Ross v. Blake, 136 S. Ct. 1850, 1856-57 (2016) (mandatory language of § 1997e(a) forecloses judicial discretion to craft

advised that the court has not yet determined whether an evidentiary hearing is appropriate in this case. Moreover, respondent has not yet filed a responsive pleading. The undersigned is unable to render a decision on the merits until the petition is fully briefed by both parties.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion (ECF No. 40) is denied without prejudice.

Dated: June 11, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/scot2687.dn

---

exceptions to the requirement).