UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LADONTE SCOTT,<br><br>Petitioner,<br><br>v.<br><br>ROBERT W. FOX,<br><br>Respondent. | No. 2:18-cv-2687 TLN KJN P<br><br>ORDER |

Petitioner is a state prisoner, proceeding in forma pauperis and without counsel. Petitioner seeks the appointment of counsel, and filed a motion for an expedited hearing or preliminary relief.

Initially, petitioner is advised that respondent has not yet filed a responsive pleading. It would be inappropriate for the court to hold a hearing until the petition is fully briefed. Second, the undersigned has not yet determined whether an evidentiary hearing is required. Third, if petitioner is concerned about being transferred, or about his personal safety before or after he is transferred, such allegations must be brought in a civil rights complaint brought under 42 U.S.C. § 1983. As a general rule, a claim that challenges the conditions of confinement should be addressed by filing a civil rights action. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973); Ramirez v. Galaza, 334 F.3d 850, 858-859 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004). In addition, petitioner is required to exhaust

his administrative remedies at the prison prior to filing such claims in federal court. Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006); Jones v. Bock, 549 U.S. 199, 211 (2007)). The Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.§ 1997e(a). Fourth, if the court determines that an evidentiary hearing is required, it is unlikely that the court would transfer petitioner to the Sacramento County Jail. In any event, petitioner's request to be transferred to the Sacramento County Jail for an evidentiary hearing that has not yet been scheduled is premature. In the event such hearing is scheduled, the court will issue a writ for petitioner's attendance; no motion by petitioner is required.

Because the instant action challenges the fact or duration of petitioner's confinement, a request for injunctive relief concerning conditions of confinement is not appropriately filed herein. Petitioner's motion is denied without prejudice to its renewal in the proper court.

On September 12, 2019, the court received petitioner's response to the request to withdraw the motion to dismiss, signed by petitioner on May 30, 2019. (ECF No. 52.) Petitioner asked the court to set an evidentiary hearing on June 14, 2019. However, respondent's request to withdraw the motion was granted on June 7, 2019, and a briefing schedule was set. As noted above, the court has not yet determined that an evidentiary hearing is required.

Petitioner has again requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Finally, petitioner is advised that "[j]udges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters." Cortez v. City of Porterville, 5 F. Supp. 3d 1160, 1162 (E.D.

Cal. 2014). While petitioner is understandably anxious for the court to render a decision in this action, the filing of repetitive motions will not expedite the briefing of the instant petition, congests the court's docket, and impedes the court's ability to address other dispositive motions.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's requests for appointment of counsel (ECF Nos. 50, 53) are denied without prejudice; and

2. Petitioner's motion (ECF No. 51) is denied without prejudice.

Dated: September 18, 2019

/scot2687.den

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE